IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ILLUMINATION DYNAMICS CO., LTD.,

                     Plaintiff,                       OPINION & ORDER

    v.

                                             14-cv-613-wmc

PACIFIC LIGHTING SOLUTIONS L.L.C.
and BILL ZHANG,

                     Defendants.

---

     Before the court is the motion of plaintiff Illumination Dynamics Co., Ltd. ("IDT") for reconsideration of the order dismissing its complaint in this matter for lack of subject matter jurisdiction, which the court will deny.

OPINION

     IDT is a foreign company with its principal place of business in Taipei City, Taiwan. Defendant Pacific Lighting Solutions L.L.C. ("PLS") is a limited liability company, whose sole member is apparently the co-defendant, Bill Zhang. Originally, Zhang was alleged to be a "resident" of the state of Washington. Thus, it initially *appeared* that the court likely had diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a).

     Because citizenship depends on domicile, not residence, the court ordered plaintiff to file an affidavit confirming that Zhang was *domiciled* in the state of Washington -- that is, Zhang planned to remain in Washington over the long term. *See Myrick v. WellPoint, Inc.*, 764 F.3d 662, 664 (7th Cir. 2014). (Oct. 30, 2014 Opinion & Order (dkt. #10) 2.)

     In response, counsel for IDT filed an affidavit in which he indicated that, contrary to previous representations, Zhang does *not* reside in Washington. (*See* Aff. of Jimmie L. Williams & Ex. A (dkt. #13) ECF 2 ¶¶ 5-6, ECF 6.) In fact, according to the individual who actually

lived at the Washington address where IDT attempted to serve Zhang, Zhang had *never* lived there. (*Id*.) Rather, Zhang was in the People's Republic of China. (*See id.* at Ex. B.) This was the *only* information that IDT's counsel provided in response to the court's request that he clarify Zhang's citizenship.

Accordingly, on November 13, 2014, the court entered the following order:

> The court is in receipt of plaintiff Illumination Dynamics, Ltd's proffer with respect to diversity jurisdiction under 28 U.S.C. § 1332(a). (Dkt. #14.) Contrary to previous representations, it now appears that both defendants are citizens of a foreign state, namely China. Because plaintiff is likewise a foreign corporation, this case does not appear to fit within any of the prongs of § 1322(a). Since plaintiff neither claims [n]or pleads a federal question pursuant to 28 U.S.C. § 1331, this case is, therefore, DISMISSED for lack of subject matter jurisdiction. Plaintiff should notify the clerk of court within seven days as to whether it would like the return of its original bond or whether this court should transfer that bond to a state court.

(Nov. 13, 2014 Order (dkt. #14).)

On December 11, 2014, new counsel for IDT entered an appearance and filed a motion for reconsideration. (Dkt. #16.) In the accompanying brief, IDT indicated that "[a]dditional evidence has recently come to IDT's attention that confirms Zhang is a U.S. citizen or permanent resident domiciled in Washington State[.]" (Pl.'s Br. (dkt. #17) 2.) IDT then lists a number of facts it alleges support a finding that Zhang is domiciled in Washington State, including the fact that he is registered to vote in Washington, has a Washington address and has family living in Washington.

This would be all well and good had IDT come forward with these allegations in response to the court's original inquiry, but a motion for reconsideration "is not properly utilized 'to advance arguments or theories that could and should have been made before the district court rendered a judgment[.]'" *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007) (quoting *LB Credit Corp. v. Resolution Trust Co.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). IDT was

2

on notice as of October 30 that it needed to prove up diversity jurisdiction by confirming Zhang was domiciled in the State of Washington. Instead, IDT produced only an affidavit and exhibits indicating that Zhang did not reside in Washington but rather was in China.

Certainly, IDT is correct that Zhang's current residence in China does not definitively demonstrate that he is domiciled there, since "being a resident isn't the same thing as being a citizen, that is to say, a domiciliary[.]" *In re Sprint Nextel Corp.*, 593 F.3d 669, 673 (7th Cir. 2010). Yet Zhang's residence in China is the *only* information IDT offered when asked to confirm where he was domiciled. Even more to the point for purposes of its motion to reconsider, IDT has offered *no* explanation as to why the facts it now asserts on reconsideration were not available to it when it made its proffer in response to the court's order on November 7. *See Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (denying motion for reconsideration because "all of the evidence on which Walker-Davis' new arguments rest was available to it at the time it responded to plaintiff's summary judgment motion[,] and Walker-Davis was obligated to make these arguments at that time.").

Since moving for reconsideration, IDT has further muddied the water by filing a "supplemental declaration" in support of its motion, offering a bit of new information. In that declaration, one of IDT's attorneys represents that on March 5 and 6, 2015, he took the deposition of defendant Zhang, who "testified under oath that he is a United States citizen, and has been a United States citizen continuously since approximately 1990." (Ben R. Thompson Supplemental Decl. (dkt. #30).) That Zhang has United States citizenship, however, tells the court nothing as to the location of his *domicile*, which remains the relevant question for diversity jurisdiction purposes. *See Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012) ("[A] American citizen who establishes domicile in a foreign country is no longer a citizen of any State of the United States and destroys complete diversity under 28 U.S.C. § 1332.")

(citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989)); *Sadat v. Mertes*, 464 F. Supp. 1311, 1312-13 (E.D. Wis. 1979) ("It is well settled that, to be a citizen of a state within the meaning of the diversity provision, a natural person must be both a citizen of the United States and a domiciliary of a state . . . A United States citizen who is domiciled in a foreign country is not a 'citizen of a state[.]'") *aff'd*, 615 F.2d 1176 (7th Cir. 1980). Nor has IDT provided the court with any other, newly-discovered information (such as the deposition transcript) that confirms Zhang is domiciled in Washington or some other state. If anything, the limited information provided in the declaration raises the question of what else was learned about Zhang's actual domicile in a deposition taken over two days. Regardless, the one piece of new evidence that *is* appropriately considered on a motion for reconsideration does not help IDT to meet its burden of establishing subject matter jurisdiction.

ORDER

IT IS ORDERED that:

1) Plaintiff Illumination Dynamics Co., Ltd.'s motion for reconsideration (dkt. #16) is DENIED.

2) Plaintiff should notify the clerk of court within seven days as to whether it would like the return of its original bond or whether this court should transfer that bond to a state circuit court.

Entered this 8th day of May, 2015.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge